## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DETROIT VS EVERYBODY, LLC,

     Plaintiff,                              Civil Action No. 2:21-CV-10798
                                                   Honorable

vs.

GOTHAM CITY ONLINE, LLC and
JONATHAN GARRISS,

     Defendants.

_____

**HERTZ SCHRAM PC**
Attorneys for Plaintiff
Howard Hertz (P26653)
Joseph A. Bellanca (P71649)
Matthew J. Turchyn (P76482)
Michael Fluhler (P79692)
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000
hhertz@hertzschram.com
jbellanca@hertzschram.com
mturchyn@hertzschram.com
mfluhler@hertzschram.com

_____

## <u>COMPLAINT AND JURY DEMAND</u>

Plaintiff, Detroit Vs Everybody, LLC states the following for its Complaint

against Defendants, Gotham City Online, LLC and Jonathan Garriss:

## THE PARTIES AND JURISDICTION

1.      Plaintiff, Detroit Vs Everybody, LLC (hereinafter "DVE"), is a Michigan limited liability company with its principal place of business located in Detroit, Michigan.

2.      Defendant Gotham City Online, LLC (hereinafter "Gotham City") is a Texas limited liability company with its principal place of business located in Austin, Texas.

3.      Defendant Jonathan Garriss (hereinafter "Garriss") is an individual who, upon information and belief, resides in or near Austin, Texas.

4.      Defendant Gotham City maintains extensive contacts in Michigan and in this District because Gotham City conducts business and actively markets, advertises, promotes, sells, and distributes its goods throughout the State of Michigan and this District.

5.      Defendant Garriss maintains extensive contacts in Michigan and in this District because he conducts business and actively markets, advertises, promotes the sale of, sells, and distributes Gotham City's goods to individual consumers and third-party retailers throughout the State of Michigan and this District.

6.      Counts I and II of this Action arise under the Lanham Act of 1946, as amended, 15 U.S.C. § 1501 *et seq*. This Court has jurisdiction over these causes of action under 15 U.S.C. § 1121, 28 U.S.C. §1331, and 28 U.S.C. §1338.

7.    Count III of this action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* This Court has jurisdiction over this cause of action under 28 U.S.C. §1331.

8.    Counts IV, V, VI, VII, and VIII of this Action arise under state common and statutory law. This Court has jurisdiction over these claims under 28 U.S.C. §1338(b) in that these claims are joined with substantially related claims brought under the federal trademark laws of the United States (15 U.S.C. §1501 *et. seq.*). This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367 as the federal and state claims are based on the same facts and because judicial economy, convenience and fairness to the parties will result if the Court assumes and exercises jurisdiction over the state law claims.

9.    Each and all of Defendants' acts alleged herein have occurred in and/or been directed to, and have caused damage within Michigan and this District, as described below.

## FACTUAL BACKGROUND

A.    **DVE and Its Trademarks**

10.    DVE is the sole and exclusive owner of the trademark VS EVERYBODY®, which it has continuously used in interstate commerce in connection with wearable garments and clothing, namely, shirts and other

International Class 25 goods since at least as early as July 26, 2012, as the same is contained in U.S. Registration No. 4,453,704.

11. DVE is the sole and exclusive owner of the trademark VS EVERYBODY®, which it has continuously used in interstate commerce in connection with clothing, namely, t shirts, sweatshirts, long sleeve t shirts, snapback hats, bucket hats, winter hats, caps, jackets, and other International Class 25 goods since at least as early as July 26, 2012, as the same is contained in U.S. Registration No. 5,425,760.

12. DVE is the sole and exclusive owner of the trademark DETROIT VS EVERYBODY®, which it has continuously used in interstate commerce in connection with shirts and other International Class 25 goods since at least as early as July 26, 2012, as the same is contained in U.S. Registration No. 4,453,491.

13. DVE is the sole and exclusive owner of the trademark EVERYBODY VS®, which it has continuously used in interstate commerce in connection with shirts and other International Class 25 goods since at least as early as March 1, 2015, as the same is contained in U.S. Registration No. 4,831,056.

14. In addition to its United States Trademark Registrations, DVE is the sole and exclusive owner of VS EVERYBODY, which it has continuously used in the State of Michigan in connection with clothing at least as early as July 26, 2012, as the same is contained in Michigan Trademark Registration No. 802141738.

15.    In addition to its United States Trademark Registrations, DVE is the sole and exclusive owner of DETROIT VS EVERYBODY which it has continuously used in the State of Michigan in connection with clothing at least as early as July 26, 2012, as the same is contained in Michigan Trademark Registration No. 802141739.

16. VS    EVERYBODY®,    DETROIT    VS    EVERYBODY®, EVERYBODY VS®, and the United States and State of Michigan registrations thereof are collectively referred to herein as the "VE Marks."

17.    The International Class 25 goods provided in connection with which the VE Marks are used are collectively referred to herein as the "VE Goods."

18.    The VE Marks are and were duly and lawfully registered and are currently registered on the Principal Register of the United States Patent and Trademark Office, copies of the Certificates of Registration for which are attached hereto as **Exhibit A**.

19.    Copies of the Certificates of Registration for the State of Michigan Trademark Registrations for the VE Marks are attached hereto as **Exhibit B**.

20.    The VE Marks symbolize DVE's business and goodwill and are intangible assets of substantial commercial value.

21.    The VE Marks have been extensively promoted by DVE to customers, potential customers, consumers, sports fans, music and entertainment fans, artists,

musicians, record labels, publicists, actors, athletes, entertainment management companies, and film and television studios through various forms of national media, including television, print, and the Internet.

22.     The VE Marks have been exclusively licensed by iconic clothing brands, internationally distributed major record labels, record-setting athletes, platinum-selling recording and performing artists, automotive manufacturers, the NCAA, professional sports teams, and other third parties.

23.     The VE Marks are embodied on the VE Goods and hangtags attached thereto and have been distributed nationally and internationally through DVE's brick and mortar stores, via DVE's websites, www.DetroitvsEverybody.com and www.VsEverybody.com (the "DVE Websites"), and license agreements with third parties.

24.     The VE Marks and VE Goods have been promoted, marketed, and advertised, through myriad of endeavors and media outlets including, but not limited to, ESPN, The Colbert Report, American Idol, Nickelodeon, Detroit Free Press, Fanatics, Metro Times, and through public and intentional use of products bearing the VE Marks by internationally-known celebrities including, without limitation, Eminem, NAS, Big Sean, Keith Urban, Logic, Cardi B, Tony Harrison, Young Jeezy, Jalen Rose, Dej Loaf, Danny Brown, and others.

25.    As a result of DVE's extensive national and international use and promotion of the VE Marks and VE Goods, DVE solely and exclusively owns European Union Registration No. EU 015619299 for VS EVERYBODY as used in connection with International Class 25 goods of clothing and apparel throughout the European Union and United Kingdom, the certificate of registration for which was granted on October 27, 2016.  The European Union Registration is attached hereto as **Exhibit C**.

26.    The VE Marks distinguish DVE as the source of its goods including, without limitation, the VE Goods, are inherently distinctive, and have further become distinctive through the acquisition of secondary meaning**.**

27.    As a result of the distinctive nature of the VE Marks and DVE's extensive national and international promotion and distribution of the same, the VE Marks and VE Goods have become associated with DVE in the minds of the public and further in the sports, entertainment, and fashion industries.

28.    As a result of such continuous and exclusive use, advertising, and promotion of the VE Goods and VE Marks by DVE, its authorized distributors, licensees, fans, and followers throughout the United States and the rest of the world, the VE Marks and VE Goods enjoy worldwide recognition and well-known reputations, and are recognized by the public as emanating from DVE.

29.    The VE Marks are well-known and established marks and represent property of great value and goodwill to DVE.

B.    **Defendants' Infringing Activities**

30.    Upon information and belief, Defendant Garriss is the sole member of Defendant Gotham City.

31.    Upon information and belief, Defendants own and control the website contained at the URL www.gothamcityonline.com.

32.    Upon information and belief, Defendants own and control the website contained at the URL www.popthreads.com.

33.    Upon information and belief, Defendants conduct business under the name Pop Threads.

34.    Defendants Gotham City and Garriss individually and collectively design, market, advertise, promote, sell, and offer for sale for sale at least 45 articles of clothing bearing the VE Marks or a colorable imitation thereof (the "Infringing Goods") on their websites, samples of which are provided at **Exhibit D**.

35.    Defendants Gotham City and Garriss individually and collectively design, market, advertise, promote, sell and offer for sale the Infringing Goods on Amazon.com, samples of which are provided at **Exhibit E**.

36.     On or about January 30, 2020, DVE sent Amazon a takedown notice pursuant to Amazon's Terms of Use requesting Amazon to remove all instances and uses of the Infringing Goods by Defendants on or through Amazon as a result of Defendant's blatant infringement of the VE Goods.

37.     Upon information and belief, such infringement was removed by Amazon.

38.     A simple Amazon search of "Pop Threads Vs Everyone" yielded over 1,000 search results over 7 pages with various colors and sizes per item of clothing (Exhibit E).

39.     Despite Defendant's actual knowledge of DVE's sole and exclusive ownership and rights in and to the VE Marks, Defendants continue to produce, design, market, advertise, promote, distribute, sell, and offer for sale the Infringing Goods on through Amazon and other retail outlets.

40.     Each such Amazon listing was made or maintained by Defendants following their receipt of written notice of DVE's exclusive rights in and to the VE Marks and Amazon's removal of the same.

41.     Upon information and belief, Defendants are designing, marketing, advertising, promoting, producing, selling, and offering for sale the Infringing Goods through other retail and wholesale outlets.

42.   Defendants' marketing and sales efforts are specifically aimed at the same target demographic of customers and prospective customers as the DVE Websites, DVE's brick and mortar retail outlets, and DVE's licensees' websites and brick and mortar stores.

43.   Significantly, after DVE's use and registration of the VE Marks and with knowledge of DVE's use and exclusive ownership of the VE Marks, and with the effect of misrepresenting the source of Defendants' goods and services, Defendants adopted and are using Vs Everyone in a manner that is confusingly similar to the VE Marks, in connection with the advertising, marketing, promotion, distribution, and sale of the Infringing Goods throughout the world, including the United States, in the State of Michigan, and this District.

44.   The Infringing Goods wholly encompass the VE Marks or a colorable imitation thereof and use a similar font, size, and style of lettering as the VE Goods.

45.   Defendants are using the same promotional channels as DVE for the purpose of promoting and selling the Infringing Goods.

46.   In multiple constant and continuous intentionally wrongful acts, Defendants are promoting, marketing, advertising, and selling the Infringing Goods and retaining all proceeds therefrom without the required permission or consent from DVE.

47.    Defendants' individual and collective promotion, advertising, marketing and sale of the Infringing Goods is and has been conducted nationally and internationally.

48.    Without DVE's consent, Defendants have produced, promoted, marketed, advertised, distributed, and sold multiple articles of clothing that wholly encompass the VE Marks or a colorable imitation thereof.

49.    Defendants use the VE Marks as a trademark in that they promote, market, advertise, distribute, and sell the Infringing Goods in addition to causing consumers to believe that Defendants' goods are endorsed, sponsored by, or originate with DVE and the VE Marks.

50.    As a result of Defendants' unauthorized use of the VE Marks, DVE has been forced to inform current and potential customers, licensees, distributors, endorsers, and others that Defendants and Defendants' use of the VE Marks are not related to, or affiliated with, DVE in any way, causing significant strain on the relationships that DVE has singlehandedly cultivated in the difficult-to-navigate entertainment and fashion industries.

51.    Defendants do not have any consent, license, approval, or other authorization to use the VE Marks or a colorable imitation thereof in connection with Defendants' goods and/or services or for any purpose.

52.    Defendants' unauthorized use of VE Marks in interstate commerce in connection with the Infringing Goods and otherwise has caused and is likely to continue to cause confusion among DVE's current and potential customers, licensees, endorsers, and distributors, as well as the loss of goodwill and damage to the distinction of the VE Marks and ability thereof to function as a source identifier for DVE's goods and/or services.

53.    Such confusion is particularly likely to continue to occur because the Infringing Goods are marketed in the same manner, in the same channels, and to the same audience to whom DVE has directed and continues to direct its use of the VE Marks and sale of the VE Goods.

54.    Defendants are selling and have sold the Infringing Goods without consent throughout the United States, the State of Michigan, and this District.

55.    Defendants' use of the VE Marks is confusingly similar and/or a colorable imitation of DVE's well-known VE Marks, clearly shows the willful intent of the sophisticated Defendants, each of whom is experienced in branding, to misrepresent the source of Defendants' goods and/or services so as to cause confusion, mistake or to deceive as to Defendants' connection or association with DVE and the VE Marks.

56.    Defendants each continue to financially benefit from such violations of well-settled federal law.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## <u>UNDER 15 U.S.C. § 1114</u>

57. DVE incorporates all foregoing paragraphs as if full restated herein.

58. At all times pertinent hereto, DVE has solely and exclusively owned the right throughout the United States to use, and permit others to use, the VE Marks.

59. DVE demands that Defendants immediately and permanently refrain from the unauthorized use of VS EVERYBODY ®, EVERYBODY VS ®, DETROIT VS EVERYBODY®, and other colorable imitations of the VE Marks that Defendants have used and continue to use in commerce in connection with the sale, offering for sale, distribution, and advertising of the Infringing Goods and Defendants' goods and services.

60. Defendants' actions constitute willful infringement of DVE's exclusive rights in and to the VE Marks in blatant violation of 15 U.S.C. § 1114.

61. Defendants' use of the VE Marks or a colorable imitation thereof in a manner that is confusingly similar to the VE Marks has been and continues to be done with the intent and result to cause confusion, mistake, and to deceive customers concerning the source and/or sponsorship of the Infringing Goods and Defendants' goods and/or services.

62.    As a direct and proximate result of Defendants' conduct, DVE has suffered irreparable harm to the valuable VE Marks and DVE's reputation in the industry.   Unless Defendants are collectively and individually restrained from further infringement of the VE Marks, DVE will continue to be irreparably harmed.

63.    DVE has no adequate remedy at law that will adequately compensate it for the continued and irreparable harm that it has suffered and will continue to suffer if Defendants' acts are allowed to continue.

64.    As a direct and proximate result of Defendants' conduct, DVE has suffered damage to the valuable VE Marks, and other damages, including but not limited to, Defendants' profits, in an amount to be proven at trial.

### COUNT II
### FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ENDORSEMENT AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125(A)

65.    DVE incorporates all foregoing paragraphs as if full restated herein.

66.    At all times pertinent hereto, DVE has solely and exclusively owned the right to use and permit others to use the VE Marks throughout the United States.

67.    Defendants have knowingly used and continue to use in commerce Vs Everyone and Everyone Vs in at least 45 instances on its website and over one thousand instances on Amazon, in addition to other various retail outlets, each of

which are confusingly similar to the VE Marks, on and in connection with the Infringing Goods, the products that Defendants manufacture, create, produce, advertise, promote, distribute, and sell the services that Defendants render. Defendants have used the VE Marks knowing that such unauthorized use will cause confusion with DVE's internationally distributed VE Goods and the VE Marks.

68.   Defendants' use of the VE Marks or a colorable imitation thereof has confused and is likely to continue to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of the Infringing Goods and Defendants' goods and/or services, and is likely to cause third parties to believe in error that Defendants, the Infringing Goods, and Defendants' goods and/or services have been authorized, sponsored, approved, endorsed, or licensed by DVE, or that Defendants are in some way affiliated with DVE, or with the popular worldwide VS EVERYBODY ® and EVERYBODY VS® brands.

69.   Defendants' acts constitute false and misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of the Infringing Goods and Defendants' goods and/or services and constitute a violation of 15 U.S.C. § 1125(a).

70.     By reason of Defendants' actions, DVE has suffered irreparable harm to the valuable VE Marks.  Unless Defendants are restrained from their collective and individual actions, DVE will continue to be irreparably harmed.

71.     DVE has no remedy at law that will adequately compensate it for the continued and irreparable harm that has been and will continue to be caused if Defendants are allowed to continue the wrongful acts of blatant infringement described herein.

72.     As a direct and proximate result of Defendants' conduct, DVE has suffered damages to its valuable VE Marks and other damages, including but not limited to, Defendants' profits, in an amount to be proven at trial.

### COUNT III
### REQUEST FOR DECLARATORY JUDGMENT

73.     DVE incorporates all foregoing paragraphs as if full restated herein.

74.     This is a case of actual controversy between the parties regarding the validity of the VE Marks, DVE's exclusive ownership of the VE Marks, and DVE's exclusive right to use and permit others to use the VE Marks throughout the United States.

75.     Upon information and belief, Defendants' use of the VE Marks is based on Defendants' mistaken belief that the VE Marks are not valid, that DVE does not have exclusive ownership of the VE Marks, and that DVE does not have the exclusive right to use and permit others to use the VE Marks throughout the

United States.

76.    This case of actual controversy is based on real and immediate injury and threat of future injury caused by Defendants' ongoing use of the VE Marks in violation of DVE's rights.

77.    Resolving this case would serve the objectives of the Declaratory Judgment Act by resolving the parties' dispute regarding the validity of the VE Marks.

### COUNT IV
### COMMON LAW TRADEMARK INFRINGEMENT

78.    DVE incorporates all foregoing paragraphs as if full restated herein.

79.    At all times pertinent hereto, DVE has solely and exclusively owned the right to use and permit others to use the VE Marks throughout the United States.

80.    DVE was the first to use the VE Marks in connection with clothing and apparel.  As a result of DVE's continued use of the VE Marks since 2012, the VE Marks have become widely known and DVE has become identified in the public mind and in the entertainment and fashion industries as the creator, owner and/or licensor of goods and services bearing the VE Marks.

81.    As a result of DVE's experience, exceptional services, authorized use of the VE Marks by celebrities, exclusive licensing and branding initiatives with international automotive manufacturers, iconic fashion brands, professional sports

teams, the NCAA, and others, the VE Marks and VE Goods have become widely known and have acquired a worldwide reputation for quality.  Moreover, the VE Marks have become associated with DVE and the VE Goods.

82.    The VE Marks are distinctive.

83.    Defendants, with knowledge and intentional disregard of DVE's rights, manufactured, advertised, promoted, and sold, and continue to produce, manufacture, design, advertise, promote, and sell an incredible amount of goods using Vs Everyone and Everyone Vs, each of which wholly contain synonymous terms and are confusingly similar to the VE Marks.  Such acts by Defendants have caused and continue to cause confusion as to the source and/or sponsorship of the Infringing Goods and Defendants' goods and/or services.

84.    Defendants' acts constitute willful infringement of DVE's exclusive rights in and to the VE Marks in violation of the common law.  By reason of Defendants' intentional and blatantly wrongful actions, DVE has suffered irreparable harm to its valuable VE Marks.  Unless Defendants are jointly and severally restrained from further infringement of the VE Marks, DVE will continue to suffer irreparable harm.

85.    DVE has no remedy at law that will adequately compensate him for the irreparable harm that he has suffered and will continue to suffer if Defendants' conduct is allowed to continue.

86.    As a direct and proximate result of Defendants' conduct, DVE has suffered damages to the valuable VE Marks and other damages, including but not limited to, Defendants' profits, in an amount to be proven at trial.

### COUNT V
### VIOLATION OF THE MICHIGAN
### CONSUMER PROTECTION ACT [M.C.L. 445.903 *ET SEQ.*]

87.    DVE incorporates all foregoing paragraphs as if full restated herein.

88.    This is a civil action under the Michigan Consumer Protection Act (the "Act"), M.C.L. 445.903, and for damages, the costs of suit and reasonable attorneys' fees pursuant to Section 445.911 of the Act.

89.    Upon information and belief, Defendants have engaged in certain unfair and deceptive methods, acts, and practices in the conduct of trade or commerce.

90.    Defendants have confusingly and falsely suggested, through the creation, production, marketing, distribution, sale, and continued use of the Infringing Goods, that the Infringing Goods and Defendants' goods are sponsored or endorsed by DVE through the unauthorized use of the VE Marks or a confusingly similar colorable imitation thereof.

91.    DVE has been harmed as a result of this and other activity.

92.    Defendants have violated the Act and should be enjoined from all further violations of the Act, be ordered to issue a correction notice, and be

responsible for all actual damages and attorneys' fees resulting from this violation.

## COUNT VI
## TORTUOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

93.    DVE incorporates all foregoing paragraphs as if full restated herein.

94.    DVE has valid and existing business relationships, and an expectancy of future business, with his current and future customers, licensees, endorsers, and distributors.

95.    Upon information and belief, Defendants are aware of these business relationships and expectancies.

96.    Defendants created, produced, distributed, and sold goods bearing the VE Marks or an unauthorized colorable imitation thereof and have profited from false, misleading and/or deceptive marketing, advertising, and promotional efforts using the VE Marks or confusingly similar colorable imitation thereof to further their own business opportunities and promote the sale of the Infringing Goods and Defendants' goods.

97.    Upon information and belief, Defendants intentionally interfered with DVE's business relationships and expectancies thus inducing or causing a breach or termination of such agreements, strain on relationships, and/or negative impact on the sale of the VE Goods.

98.    DVE has been damaged as a result of Defendants' wrongful and intentional actions.

99.   Defendants' actions were and continue to be made in bad faith and are willful, wanton, and undertaken with a callous disregard for DVE's interests and business relationships.

100.   Punitive damages in this action against Defendants are appropriate to deter such conduct in the future and to serve the public interest.

### COUNT VII
### UNJUST ENRICHMENT

101.   DVE incorporates all foregoing paragraphs as if full restated herein.

102.   Defendants have received and obtained substantial gains, advantages, and benefits by creating the false impression that DVE has endorsed, is affiliated with, or is the source of the Infringing Goods or Defendants' goods and/or services.

103.   It is inequitable and unjust for Defendants to retain those gains, advantages, and benefits.

104.   Defendants have enriched themselves at the expense and to the detriment of DVE.

105.   To the extent Defendants inferred a false endorsement of their goods and services by DVE and through the use of confusingly similar colorable imitations of the VE Marks, DVE has conferred a benefit upon Defendants.

106.   To the extent that Defendants exploit the Infringing Goods as stated herein, Defendants have retained such benefit without compensating DVE therefor.

107.   Defendants should not, in equity and good conscience, be permitted to retain the benefit bestowed upon them by DVE.

108.   As a result of the retention of such benefit, Defendants have been unjustly enriched and are jointly and severally liable to DVE.

109.   As a result of Defendants unjust enrichment, DVE has incurred and will continue to incur damages in an amount to be determined at trial, including, but not limited to Defendants' profits, plus applicable interest, costs and attorneys fees.

### COUNT VIII
### COMMON LAW UNFAIR COMPETITION

110.   DVE incorporates all foregoing paragraphs as if full restated herein.

111.   DVE is the sole and exclusive owner of the VE Marks.

112.   DVE has continuously and exclusively used the VE Marks in association with the sale and offering for sale of clothing and related goods and services since as early as July 2012.

113.   Through DVE's longstanding use of the VE Marks, the VE Marks have acquired distinctiveness through secondary meaning.

114.   Defendants have used the VE Marks in commerce in association with the sale and offering for sale of clothing.

115.   Defendants' use of the VE Marks is commercial in nature and constitutes a deceptive and unfair business practice.

116.   In using the VE Marks as if it is their own, Defendants have caused a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendants' goods.

117.   Defendants' use of the VE Marks in commerce is likely to confuse the public.

118.   Defendants have profited from this consumer confusion by diverting consumers from DVE to Defendants.

119.   Defendant Garriss directly authorized, directed, and participated in Defendant Gotham City's infringing activity.

120.   As a result, DVE has suffered monetary damages and a loss of goodwill associated with its VE Marks.

121.   Consequently Defendants' use of the VE Marks constitutes a violation of Michigan unfair competition law.

122.   DVE is entitled to the recovery of Defendants' profits, DVE's actual damages, and the costs of this action.

123.   DVE is also entitled to preliminary and permanent injunctive relief.

### DEMAND FOR RELIEF

WHEREFORE, DVE requests entry of a judgment:

A.     determining that Defendants have willfully and deliberately violated 15 U.S.C. § 1114, that DVE has been damaged by such violations, and that Defendants are liable to DVE for such violations;

B.     determining that Defendants have violated 15 U.S.C. § 1125(a), that DVE has been damaged by such violations, and that Defendants are liable to DVE for such violations;

C.     declaring that the VE Marks are valid trademarks under United States, the State of Michigan, and other applicable law; that DVE is the exclusive owner of the VE Marks; that DVE has the exclusive right to use and permit others to use the VE Marks; and that DVE holds all other applicable legal rights in the VE Marks;

D.     determining that Defendants have committed common law trademark infringement, that DVE has been damaged by such infringement, and that Defendants are liable to DVE for common law trademark infringement;

E.     determining that this case is "exceptional" under 15 U.S.C. § 1117(a) and awarding DVE its costs and attorney fees incurred in bringing this action;

F.      preliminarily and permanently issued enjoining Defendants, each of Defendants' respective officers, employees, agents, successors, assigns, affiliates, licensees, distributors, advertisers, wholesalers, retailers, and all those in active concert and participation with Defendants, and each of them who receives notice directly or otherwise of such injunctions, from:

     i.    using the VE Marks or any trademarks or service marks that are confusingly similar thereto or a colorable imitation thereof in connection with marketing, promoting, advertising and use of any of Defendants' goods and/or services;

    ii.    imitating, copying, or making any unauthorized use of the VE Marks or any trademarks or service marks that are confusingly similar thereto or a colorable imitation thereof;

   iii.    importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of the VE Marks;

   iv.    using any simulation, reproduction, counterfeit, copy or colorable imitation of the VE Marks in connection with the promotion, advertisement, display, sale, offer for sale, manufacture,

production, circulation or distribution of any product or service; and

v.   using any false designation of origin or false description (including, without limitation, any letters, symbols or designs constituting the VE Marks) or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service provided or good manufactured by or on behalf of, distributed or sold by Defendants are in any manner associated or connected with DVE, the VS EVERYBODY ® brand, or are sold, produced, created, licensed, sponsored, endorsed, approved or authorized by DVE;

G.   directing that Defendants deliver for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in their possession or under their control, bearing or using VS EVERYBODY® or any other simulation, reproduction, or colorable imitation of the VE Marks and all negatives, master audio and visual recordings, storyboards, scripts, outtakes, treatments, and other means of making the same, pursuant to 15 U.S.C. § 1118;

H.   directing the Defendants and each of their respective agents, employees, servants, attorneys, successors, and assigns, and all others in

privity or acting in concert therewith, to file with this Court, and serve upon DVE's counsel within thirty (30) days after entry of such judgment, a written report under oath, setting forth in detail the manner and form in which they have complied with such judgment;

I.      permitting DVE, and/or DVE's auditors to audit and inspect the books, records, and premises of each of the Defendants and each of Defendants' related entities during the course of discovery and for a period of six (6) months after entry of final relief in this manner, to determine the scope of the Defendants' past and ongoing use of DVE's intellectual property, including all marketing, advertising, promotion, manufacturing, distribution, and sales of the Infringing Goods and products bearing the VE Marks or a colorable imitation thereof, as well as Defendants' compliance with the orders of this Court;

J.      awarding DVE its costs and disbursements incurred in this action, including DVE's reasonable attorneys' fees;

K.      awarding DVE its damages trebled or, alternatively, an award of Defendants' wrongful profits trebled, whichever is greater, plus DVE's costs and attorney's fees, pursuant to 15 U.S.C. § 1117;

L.      awarding DVE all damages to which it is legally entitled arising out of Defendants' acts;

M.     requiring Defendants to file with the Court and provide to DVE an accounting of all sales and profits realized by each Defendant through the use of the VE Marks or colorable imitations thereof;

N.     awarding DVE interest, including pre-judgment interest on the foregoing sums; and

O.     awarding any other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

HERTZ SCHRAM PC

_/s/ Joseph A. Bellanca_____
Howard Hertz (P26653)
Joseph A. Bellanca (P71649)
Matthew J. Turchyn (P76482)
Attorneys for Plaintiff
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000
hhertz@hertzschram.com
jbellanca@hertzschram.com
mturchyn@hertzschram.com

Dated: April 9, 2021

## **<u>DEMAND FOR JURY</u>**

Plaintiff, Detroit Vs Everybody, LLC, demands a trial by jury for all issues so triable.

Respectfully submitted,

HERTZ SCHRAM PC

_/s/ Joseph A. Bellanca_ _____
Howard Hertz (P26653)
Joseph A. Bellanca (P71649)
Matthew J. Turchyn (P76482)
Attorneys for Plaintiff
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000
hhertz@hertzschram.com
jbellanca@hertzschram.com

Dated: April 9, 2021